UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL RATHBURN
    Plaintiff,

-vs.-                                  **DEMAND FOR JURY TRIAL**

MONARCH RECOVERY MANAGEMENT, INC.
a foreign corporation
    Defendant.

_____

# COMPLAINT & JURY DEMAND

    Plaintiff, MICHAEL RATHBURN, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Monarch Recovery Management, Inc., a foreign corporation that maintains registered offices in Bingham Farms, Michigan.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Isabella County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt that is alleged owed to Citibank for a credit card in the mount of $4,621.81, by the Plaintiff.

7. Defendant has repeatedly called the Plaintiff's parents over this alleged debt.

8. The Defendant has also called the Plaintiff's cell phone.

9. Defendant first started calling Plaintiff's parents about two years ago and last called Plaintiff's parents on or about July 7, 2011.

10. Plaintiff does not live with his parents and his parents are not co-obligors or guarantors of the alleged debt.

11. Within the last year, Defendant has called Plaintiff's parents between 8 to 10 times.

12. Plaintiff's parents has told the Defendant on numerous occasions, to stop calling them.

13. In January of 2011, Plaintiff asked Defendant to stop calling his parents. He asked the Defendant to take his parents' phone number off of the account and Defendant told Plaintiff that they did. Plaintiff even received a confirmation from Defendant stating that his parents' telephone number is no longer connected to the account.

14. On or about June 24, 2011, Plaintiff spoke with Defendant and asked Defendant to withdraw $150.00 from his bank account on July 1, 2011. Defendant did not do this. Instead, it took the $150.00 out of the Plaintiff's account on June 27, 2011

15. On or about July 7, 2011, Defendant called Plaintiff's parents again two times. On this day, Defendant told Plaintiff's parents that Plaintiff owes an alleged debt.

16. On or about July 7, 2011, Defendant told Plaintiff's parents that Defendant tried to take $1,848.00 out of his account and that Plaintiff's check bounced. We have a letter from Defendant dated June 23, 2011 showing their intent to deposit Plaintiff's check on June 29, 2011 in the amount of $1,848.00 in accordance with Plaintiff's instructions. However, Plaintiff says he never authorized Defendant to withdraw $1,848.00

17. On or about July 8, 2011, Plaintiff called Defendant to tell them he did not authorize them to withdraw $1,848.00 and that he did not authorize Defendant to withdraw $150.00 on June 27, 2011.  Defendant apologized to Plaintiff.

18. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

24. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

August 10, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com